**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

| | |
|---|---|
| In re:<br><br>Shalonda Lisa Jarvis,<br><br>          Debtor. | Case No. 24-10721-pmm<br><br>Chapter 13 |

### Debtor's Response to the Court's Order to Show Cause

Debtor Shalonda Lisa Jarvis, through her attorney, responds to the Court's order to show cause.

### Background

The Debtor filed this case *pro se* on March 4, 2024. Before filing the case, she took the credit counseling course online through a local provider. Exhibit A. At the time, she believed that was all that was necessary to get the case started; she thought the phone briefing could come later. Indeed, she did take part in a phone briefing with a counselor on March 5, 2024. *Id*.

### Legal Argument

This case must not be dismissed. The Debtor has substantially complied with all requirements of her under the Bankruptcy Code in a manner consistent with Congress's intent. But even if this Court finds that the Debtor did not comply with the Credit Counseling requirement, Congress does not intend that this case be necessarily dismissed. In any event, the Court accepts flexible compliance with the Bankruptcy Code all the time, and must do so in this case.

**I.       The Court must not dismiss this case because the bankruptcy code does not specify dismissal as a consequence.**

The Bankruptcy Code is ambiguous about the consequence of not completing credit counseling pre-petition beyond saying that "an individual may not be a debtor" if they do not

complete counseling within 180 days before the case is filed. 11 U.S.C. § 109(h). The code does not provide an explicit and compulsory consequence, like it does in other sections. *See* 11 U.S.C. § 521(i)(1) (mandating that a case is automatically dismissed if a debtor does not file schedules, statements, and related documents within 45 days of filing the petition). The absence of a prescribed consequence implies that a debtor's failure to comply with Section 109(h) is curable and does not necessarily require dismissal.

Indeed, courts have allowed cases to proceed where a debtor completed the credit counseling course only after the case was filed. *In re Hess*, 347 B.R. 489, 500 (Bankr. D. Vt. 2006) (allowing a case to move forward where debtor's counsel erroneously filed the petition before the debtor completed the credit counseling course); *In re Manalad*, 360 B.R. 288, 307-08 (B.A.P. 9th Cir. 2007) (allowing a case to move forward where the debtor had a reasonable explanation for failing to take the course pre-petition, the debtor took the course after the case was filed, and the credit counseling agency determined that there was no better alternative); *But see In re Stinnie*, 555 B.R. 530, 536 (Bankr. W.D. Va. 2016) (holding that dismissal is necessary for failure to complete pre-petition credit counseling where the court was not persuaded that dismissal is a manifest injustice).

In *Hess*, the court found it was necessary to consider the totality of the circumstances in deciding whether the case should be dismissed, in particular: "(1) whether the debtor filed the case in good faith, (2) whether the debtor took all reasonable steps to comply with the statutory requirements, (3) whether the debtor's failure to comply was the result of circumstances that were both extraordinary and beyond the control of the debtor, (4) whether the debtor's conduct meets the minimum requirements of § 109(h), (5) whether any party would be prejudiced by allowing the

2

case to proceed, and (6) whether there are any unique equitable factors that tip the balance in one direction or the other." *Hess*, 347 B.R. at 498.

Applying the *Hess* standard here, the Court must not dismiss this case because (1) this is the Debtor's first case; (2) she intended to comply with the credit counseling requirement; (3) she misunderstood the specifics of the requirement; (4) she completed credit counseling within 30 days after the case was filed;[1] (5) no party has been prejudiced by this case; and (6) the Debtor has complied with all other requirements of a debtor under the code.

## II.    The Court must not dismiss this case because allowing the case to move forward is not inconsistent with Congress's intent.

The Debtor has substantially complied with the intent of the law. Congress enacted the credit counseling requirement to slow down the process and prevent individuals from filing for bankruptcy in a snap. *See* H.R. Rep. No. 109-31, at 4 (2005) ("[T]here is a growing perception that bankruptcy relief may be too readily available and is sometimes used as a first resort, rather than a last resort."). The requirement intends to ensure that individuals are educated about bankruptcy and its alternatives so they do not pursue bankruptcy instead of an alternative that would better fit their circumstances. *See id.* at 2 ("[D]ebtors [must] receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences.").

The Debtor's substantial compliance with the law prevented her from filing in a snap, just as the law intends. Although she took the part of the counseling requirement post-petition, she completed a substantial part of it before the case was filed. She is informed about bankruptcy, its

---

[1] The minimum requirement of Section 109(h) allows an individual to be a debtor if they complete credit counseling within 30 days after filing under certain circumstances. *Hess*, 347 B.R. at 499.

3

alternatives, and consequences by the means Congress intended, and she still believes that bankruptcy is the best option for her. It is not as if she took the course and learned that there was something else she could have done rather than file this case.

### III. This case must not be dismissed because dismissal would not be judicially economic.

The Court must allow this case to move forward in the interest of judicial economy. If this case is dismissed, the Debtor is unquestionably eligible to be a debtor in another case now that she has done the credit counseling. Indeed, that is what she intends to do if this case is dismissed. Filing another case could confuse creditors and would frustrate the limited resources of the Court and trustee. If the Court can prevent that, it must do so. Generally, the Court only dismisses a case where there is cause for dismissal that is prejudicial to creditors, like failure to make plan payments or unreasonable delay. If the Court dismisses a case when no creditors have been prejudiced, that dismissal is a penalty, not a remedy. The Court must not penalize the Debtor, who did not act in bad faith and did not abuse the bankruptcy code.

### IV. This case must not be dismissed because the Court allows flexible compliance with the Bankruptcy Code all the time.

In asking the Court to allow this case to proceed, the Debtor is asking the Court to accept a legal fiction. Although the Court may hesitate to do so, the reality is that bankruptcy courts, including this Court, accept legal fictions all the time in the interest of allowing access to the courts. Consider the discharge counseling requirement of 11 U.S.C. § 341, which requires chapter 7 trustees to counsel debtors on the effects of bankruptcy at the meeting of creditors:

> Prior to the conclusion of the meeting of creditors or equity security holders, the trustee shall orally examine the debtor to ensure that the debtor in a case under chapter 7 of this title is aware of— (1) the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history; (2) the debtor's ability to file a petition under a different chapter of this title; (3) the effect of

4

> receiving a discharge of debts under this title; and (4) the effect of reaffirming a debt, including the debtor's knowledge of the provisions of section 524(d) of this title. 11 U.S.C. § 341(d).

The U.S. Trustee directs interim trustees to comply with this section as follows:

> At the meeting of creditors, the trustee must verify on the record that the debtor has received the section 341(d) information sheet available from the United States Trustee and that the debtor is aware of the matters set forth therein. Establishing the debtor's awareness of these items by a questionnaire is not sufficient. If the debtor responds in the negative, the trustee must provide a copy of the information sheet and continue the meeting to the end of the calendar or another appropriate time. The meeting cannot be concluded until the trustee verifies that the debtor has received and is aware of the information. U.S. Department of Justice, Executive Office for United States Trustees, *Handbook for Chapter 7 Trustees* 3-8 (2012).

Section 341(d) is straightforward – the trustee must orally explain many things to the Debtor. But let's get real – doing that would make meetings of creditors longer, straining the resources of chapter 7 trustees that are practically volunteers in non-asset cases. Requiring strict compliance with Section 341 would create a backlog that would limit access to the courts. So rather than do that, the U.S. Trustee directs interim trustees to just minimally comply with the law, and the courts go along with it.

The bottom line is that when Congress enacted Section 341(d), it did not intend for a trustee to simply ask debtors if they read a piece of paper. Congress intended for trustees to explain things to debtors in detail, allowing debtors to ask questions to ensure that they understand what bankruptcy is really about. Each time this Court signs a discharge order in a chapter 7 case, it endorses minimal compliance. The Court must be consistent in how it applies the law to each case. It cannot accept minimal compliance in one area, but eschew it in another. The Debtor complied with the law's minimal requirements, so this case must not be dismissed.

5

## Conclusion

For the reasons above, this Court must not dismiss this case.

Date: March 26, 2024                         CIBIK LAW, P.C.
                                             *Attorney for Debtor*

                                             By: /s/ Michael I. Assad
                                                 Michael I. Assad (#330937)
                                                 1500 Walnut Street, Suite 900
                                                 Philadelphia, PA 19102
                                                 215-735-1060
                                                 help@cibiklaw.com

## Certificate of Service

I certify that on this date I caused this document to be served on all parties on the clerk's service list by electronic means through the CM/ECF system.

Date: March 26, 2024                         /s/ Michael I. Assad
                                             Michael I. Assad